**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY CRISAFULLI, | Civil Action No.: 13-cv-05937 (CCC) |
| Plaintiff, | |
| v. | **OPINION** |
| AMERITAS LIFE INSURANCE COMPANY, CLEO PENNINGTON, MATTHEW DWORETSKY, | |
| Defendants. | |

**CECCHI**, District Judge:

## I.      INTRODUCTION

This matter comes before the Court by way of Defendants Ameritas Life Insurance Company ("Ameritas") and Cleo Pennington's ("Pennington") motion to dismiss Plaintiff Gregory Crisafulli's ("Plaintiff") complaint under Federal Rule of Civil Procedure 12(b)(1) and (6) [ECF No. 8-1] and Defendant Matthew Dworetsky's ("Dworetsky") separate motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), (5), and (6) [ECF No. 17-1.] No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. Based on the reasons set forth below, Defendants' motions to dismiss are granted without prejudice.

## II.      BACKGROUND

Plaintiff, appearing *pro se* in this matter, instituted this action on October 4, 2013. Plaintiff alleges that Ameritas, Pennington, and Dworetsky (together, "Defendants") have violated 15 U.S.C. § 6801 entitled "Protection of nonpublic personal information," 18 U.S.C. §

1

1341 entitled "Frauds and swindles," 18 U.S.C. § 2 entitled "Principals," and N.J.S.A. § 56:8-164 entitled "Prohibited and allowed uses of Social Security numbers." The complaint shows that Plaintiff had a life insurance policy through Primerica Life Insurance Company. (Compl. p. 1-2.) Plaintiff alleges that he then made an application for a life insurance policy from Ameritas. Id. Plaintiff used the services of Dworetsky[1] to facilitate the application, but Plaintiff alleges he was misrepresented. Id. Plaintiff claims that he signed the application in advance and received a medical report to determine if he could get life insurance from Ameritas. Id. However, Plaintiff states the application was filled in after his signing without his presence and sent to Ameritas by Dworetsky before his medical results came back. Id. Plaintiff alleges that on October 13, 2011, Pennington, who is employed by Ameritas, signed and addressed a letter to Primerica Life Insurance Company. Id. Plaintiff claims that this letter included Plaintiff's social security number and changed his identity by improperly citing his real name, facilitating identity theft. Id. Plaintiff claims that "the unsealed letter and bold lettering describing the contents furthers my complaints." Id.

Ameritas and Pennington filed a motion to dismiss on November 26, 2013. In their motion, Ameritas and Pennington have alleged that (1) the qualifications for diversity subject matter jurisdiction are not met as Plaintiff states he is from Avenel, New Jersey, but does not state the incorporation or principal place of business address for Ameritas nor any address for Pennington or Dworetsky and he also does not list any actual damages; (2) the qualifications for original subject matter jurisdiction are not met as none of the federal statutes that Plaintiff lists allow for private action; and (3) Plaintiff fails to allege an adequate claim under any of the statutes. [ECF No. 8-1 p. 8-13.] Plaintiff filed a notice to oppose Ameritas and Pennington's

---

[1] At the time the application was signed, Dworetsky was affiliated with Legacy Planning Group, LLC located in Keyport, New Jersey.

motion to dismiss on December 23, 2013. Plaintiff claimed that the damages should be sufficient enough to meet the amount needed for diversity jurisdiction and that Dworetsky has more than one place of residence, with a registered address in Connecticut. [ECF No. 9 p. 4, 7-8.] Ameritas and Pennington then filed a reply brief in further support of the motion to dismiss on December 30, 2013. They continued to assert that Plaintiff has failed to state a claim for relief and that diversity subject matter jurisdiction is not met as no actual damages were stated nor was Dworetsky's state of citizenship given. [ECF No. 10 p. 5.]

Dworetsky filed a separate motion to dismiss on February 20, 2014. Dworetsky alleges that (1) the qualifications for diversity subject matter jurisdiction are not met; (2) the qualifications for original subject matter jurisdiction are not met as none of the federal statutes that Plaintiff lists allow for private action; (3) there was an insufficient service of process on Dworetsky; and (4) Plaintiff fails to allege an adequate claim under any of the statutes. [ECF No. 17-1 p. 8-13.] Plaintiff filed a notice to oppose Dworetsky's motion to dismiss on March 7, 2014 claiming that under California Civil codes 1798.92-1798.97, the civil penalty can be as much as $30,000. [ECF No. 19 p. 5.] Dworetsky then filed a reply brief in further support of the motion to dismiss on March 13, 2014 claiming that Plaintiff's opposition papers do not address the arguments raised by Dworetsky. [ECF No. 22 p. 2.]

## III.   DISCUSSION

### A. Subject Matter Jurisdiction

#### 1. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." Kehr

Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).  The court must resolve

motions over subject matter jurisdiction before proceeding to a disposition of the merits.

Carlsberg Resources Corp. v. Cambria Sav. and Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir. 1977).

Determining subject matter jurisdiction, "cannot be overlooked by the court, even if the parties

fail to call attention to the defect, or consent that it may be waived." Id. (citing Thomas v. Bd.

of Trs. of Ohio State Univ., 195 U.S. 207 (1904)).  When challenging a plaintiff's claims using

subject matter jurisdiction, the defendant may either (1) attack the complaint on its face or (2)

attack the existence of subject matter jurisdiction in fact.  Mortensen v. First Fed. Sav. and Loan

Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  With a facial challenge, the court must take the

allegations of the complaint as true and only consider those allegations in the complaint, as well

as the documents referenced therein, in the light most favorable to the plaintiff.  See id.; Gould

Electronics. Inc. v. U.S., 220 F.3d 169, 176 (3d Cir. 2000) (citing PBGC v. White, 998 F.2d

1192, 1196 (3d Cir. 1993)).  With a factual challenge, the court may consider evidence outside of

the pleadings and need not presume the truth of the allegations, but is free to weigh the evidence

to determine if the requirements for jurisdiction are met.  See Mortensen, 549 F.2d at 891; Gotha

v. U.S., 115 F.3d 176, 178–79 (3d Cir. 1997).

To properly invoke subject matter jurisdiction under 28 U.S.C. § 1331, a plaintiff must

demonstrate that his claim "aris[es] under the Constitution, laws, or treaties of the United

States." 28 U.S.C. § 1331.  Once a plaintiff alleges that the actions of a defendant have violated

federal law, the question of whether any facts as pled are true, or whether they are legally

sufficient to warrant relief, is one of merit and not of jurisdiction.  See Kulick v. Pocono Downs

Racing Ass'n, 816 F.2d 895, 897-98 (3d Cir. 1987) ("Under [Section 1331], a court has

jurisdiction over the dispute so long as the plaintiff alleges that defendant's actions violate the

requisite federal law . . . the truth of the facts alleged . . . (are) a question on the merits"). Dismissal for lack of jurisdiction will be proper only when the right claimed is "so insubstantial, implausible, foreclosed by prior decisions . . . or otherwise completely devoid of merit as not to involve a federal controversy." Id. at 899.

"To establish diversity jurisdiction under 28 U.S.C. § 1332(a), the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000." Schneller ex rel. Schneller v. Crozer Chester Med. Ctr., 387 F. App'x 289, 292 (3d Cir. 2010). For complete diversity of citizenship, each plaintiff must be a citizen of a different state from each defendant. Gay v. Unipack, Inc., No. 10–6221, 2011 WL 5025116 at *4 (D.N.J. Oct. 20, 2011). Plaintiffs, even when proceeding *pro se*, must affirmatively plead the citizenship of the individual defendants in order for the court to determine whether complete diversity of the parties in fact exists and thus whether the court has jurisdiction to adjudicate the matter. See Poling v. K. Hovnanian Enters., 99 F. Supp. 2d 502, 515 (D.N.J. 2000); Phillip v. Atlantic City Med. Ctr., 861 F. Supp. 2d 459, 467 (D.N.J. 2012).

Furthermore, the plaintiff must affirmatively plead the amount in controversy on the face of the complaint. Gray v. Occidental Life Ins. Co. of Cal., 387 F.2d 935, 937 (3d Cir. 1968). Determination of the amount in controversy is a federal question to be determined by federal standards, but the state law is relevant as it defines the right the plaintiff seeks to invoke. See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 352-53 (1961). The court must decide the amount in controversy from the complaint itself, unless it appears or is shown that the amount stated in the complaint is not claimed in good faith. See id. at 453. In determining that the amount was not claimed in good faith, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Id. However, the court should not consider in its

jurisdictional inquiry the legal sufficiency of the claims alleged, but can dismiss the case only if there is a legal certainty that the plaintiff cannot recover more than the required amount in controversy. See Suber v. Chrysler Corp., 104 F.3d 578, 583 (3d Cir. 1997).

## 2. Plaintiff Has Failed To Sufficiently Demonstrate Subject Matter Jurisdiction

Defendants have facially challenged the Court's jurisdiction, arguing first that it is apparent from the face of Plaintiff's complaint that the Court lacks original subject matter jurisdiction. [ECF No. 8-1 p. 11-12; ECF No. 17-1 p. 9.] Defendants all argued in their motions to dismiss that Plaintiff does not have original subject matter jurisdiction over them because neither 15 U.S.C. § 6801 entitled "Protection of nonpublic personal information," 18 U.S.C. § 1341 entitled "Frauds and swindles," nor 18 U.S.C. § 2 entitled "Principals," allow for a private cause of action. Id. Plaintiff, however, has failed to respond to these claims in his opposition. Plaintiff listed these statutes in his complaint under cause of action and jurisdiction, but has not claimed that these statutes allow for a private cause of action. (Compl. p. 1-2.)

Here, Plaintiff has not properly invoked federal question jurisdiction under 28 U.S.C. § 1331 when he pled a cause of action against the defendants for violations of law under 15 U.S.C. § 6801, 18 U.S.C. § 1341, and 18 U.S.C. § 2. The first statute, 15 U.S.C. § 6801, relates to the affirmative obligation of each financial institution to protect the security and confidentiality of its customers. Plaintiffs have no private right of action to bring claims under this statute. Arce v. Bank of America, No. 13–cv–2776 (JAP), 2013 WL 6054817 at *7 (D.N.J. November 15, 2013). 18 U.S.C. § 1341 includes mail fraud and relates to criminal punishment for individuals who have devised any scheme or artifice to defraud or obtained money or property by means of false or fraudulent pretenses. However, the Third Circuit has also held that there is no private right of

6

action under 18 U.S.C. § 1341.  See Jones v. TD Bank, 468 F. App'x 93, 94 (3d Cir. 2012).  The third federal statute, 18 U.S.C. § 2, deals with individuals who commit an offense against the United States or aid, abet, counsel, command, induce, or procure its commission.  This criminal statute also does not appear to allow for a private civil cause of action.  See Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 657 (3d Cir. 1998) (citing Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 176 (1994) (noting that "[t]he [Supreme] Court rejected the argument that Congress had intended to permit private actions for aiding and abetting"); Lamont v. Haig, 539 F.Supp. 552, 558-559 (D.S.D. 1982).  Thus, the Court finds that there is an insufficient basis at this time on which to find original subject matter jurisdiction over Defendants.

Defendants have also facially challenged the Court's jurisdiction by arguing that it is clear from the face of Plaintiff's complaint that Plaintiff lacks diversity subject matter jurisdiction. [ECF No. 8-1 p. 11-12; ECF No. 17-1 p. 8.]  In the complaint, Plaintiff has not listed any amount for damages and he has also only listed his address as well as an address for Ameritas (no addresses were listed for Pennington or Dworetsky).  (Compl. p. 1-2.)  Defendants argue that Plaintiff has not met the statutory amount in controversy requirement of $75,000.  [ECF No. 8-1 p. 11-12; ECF No. 17-1 p. 8.]  Ameritas and Pennington also claim that Plaintiff has not shown diversity of citizenship among the parties.  [ECF No. 8-1 p. 11-12.]

The Court recognizes that Plaintiff appears *pro se* and thus, his complaint is held to a less stringent standard than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Here, however, Plaintiff has not properly invoked diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff has not met the amount in controversy requirement as he has not alleged any amount of damages on the face of the complaint.  (Compl. p. 1.)  Plaintiff has alleged in his

reply brief that there are violations of federal and state statutes as well as punitive damages and mental anguish and that the damages in total "should be enough." [ECF No. 9 p. 4.] However, since the requisite jurisdictional amount of $75,000 does not appear affirmatively on the face of the complaint as it must in order for the Court to have jurisdiction, Plaintiff has not properly invoked diversity jurisdiction under 28 U.S.C. § 1332. See Gray, 387 F.2d at 937.

Furthermore, Plaintiff has failed to properly plead diversity of citizenship among the parties. Plaintiff, as the party asserting federal jurisdiction, "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states." Gay, 2011 WL 5025116 at *4 (citing American Motorists Ins. Co. v. American Employers' Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979)). Even when appearing *pro se*, a plaintiff cannot be silent as to the citizenship of the parties. See id. Here, however, Plaintiff has not specifically alleged the citizenship of Defendants to allow this Court to determine jurisdiction. Plaintiff has listed the address of Ameritas in Lincoln, Nebraska, but has not stated if this is its incorporation address or principal place of business. (Compl. p. 1.) According to 28 U.S.C. § 1332, a corporation is deemed to be a citizen of every State and foreign state by which it has been incorporated and has its principal place of business. 28 U.S.C. § 1332 (2012); See also Midlantic Nat. Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995). Thus, the incorporation address and principal place of business must be alleged before the Court can determine the citizenship of Ameritas. See Poling, 99 F. Supp. 2d at 515. With the individual defendants, Plaintiff does not list the citizenship or any domicile address for Dworetsky or Pennington within the complaint. (Compl. p. 1.) Citizenship is equated with domicile and this address must be stated on the face of the complaint before the Court can determine the citizenship of Dworetsky or Pennington. See Poling, 99 F. Supp. 2d at 515; See Gay, 2011 WL 5025116 at *4 (citing

McCracken v. Murphy, 328 F. Supp. 2d 530, 532 (E.D.Pa. 2004), aff'd, 129 F. App'x 701 (3d Cir. 2005)). Thus, these facts must be properly plead before the Court can determine whether complete diversity is present. See Poling, 99 F. Supp. 2d at 515.

This Court has an independent obligation to address issues of subject matter jurisdiction prior to addressing any other issues raised by the defendants' motions. Shaffer v. Gallub, No. 11–6182 (NLH)(AMD), 2012 WL 4120505 at *1 (D.N.J. September 19, 2012) (citing Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010)). Since Plaintiff has not sufficiently plead subject matter jurisdiction, this Court therefore need not discuss Defendants' motion to dismiss for failure to state a claim or insufficient service of process at this time.

## IV.   CONCLUSION

For the foregoing reasons, the Court hereby grants Defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Because Plaintiff is appearing *pro se,* and because Plaintiff may be able to plead facts sufficient to demonstrate that this Court has subject matter jurisdiction to entertain this action, Plaintiff's complaint is dismissed without prejudice. Plaintiff is granted thirty (30) days from the date of this Opinion to file an Amended Complaint addressing the pleading deficiencies discussed herein. An appropriate Order accompanies this Opinion.

DATED: June ⏐ ⏐ , 2014

CLAIRE C. CECCHI, U.S.D.J.